## JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

**20 CV 3835**
**JUDGE ENGELMAYER**

Direct Number: (212) 326-7808
awaks@JonesDay.com

May 15, 2020

BY HAND DELIVERY

United States District Court
Southern District of New York
500 Pearl Street, Room 620
New York, New York 10007

    Re:    *MDA Manufacturing, Inc. v. Mexichem Fluor Comersial S.A. De C.V.*,
            Civil Action No. _____
            Plaintiff's Letter Motion to Partially Seal Complaint

Dear Honorable District Judge:

        I write on behalf of Plaintiff MDA Manufacturing, Inc. ("MDA") in the above-captioned action. MDA respectfully requests leave to (i) file under seal the unredacted version of MDA's Complaint (and its exhibits) in this action, and (ii) file a redacted public version of MDA's Complaint. Both the redacted and unredacted versions of the Complaint are enclosed herewith. For clarity, MDA is not requesting that this entire action be sealed.

        Good cause exists for this Motion. This action revolves around Defendant's alleged breach of a long-term supply contract (the "Contract"). Because of the nature of this action, the Complaint necessarily quotes and paraphrases extensively from the Contract. The Complaint also attaches as exhibits the Contract and the First Amendment to the Contract, as well as relevant correspondence that refer to the terms of the Contract. The Contract and its terms, however, are subject to a confidentiality obligation. Specifically, Section 12 of the Contract requires both parties to keep the Contract and its terms "strictly confidential."

        Beyond the parties' agreed-upon contractual obligation to maintain the confidentiality of the Contract, the Contract also contains pricing information—which information is also necessarily referred to in the Complaint—that is competitively sensitive and would cause harm to MDA if publicly disclosed. In particular, because of the events alleged in the Complaint, MDA may be required to seek and negotiate with an alternative supplier for purchase of the products that are currently being supplied to MDA by Defendant. Under those circumstances, MDA likely would be adversely impacted if the pricing under MDA's Contract with Defendant were publicly available. Likewise, Defendant's business could also be adversely impacted if its other customers and potential customers for the products at issue were to become aware of the confidential pricing that Defendant agreed upon with MDA in the Contract.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

*[Handwritten note:]* 5/18/2020 – The complaint in unredacted form may be filed under seal. The sealing order lasts 14 days from today's date. The assigned judge has to make the final call on whether sealing is appropriate. PAE

The Honorable District Judge
May 15, 2020
Page 2

    MDA recognizes the public's interest in access to judicial documents. For that reason, we have sought to minimize the redactions included in the proposed public version of the Complaint, limiting them only to those necessary portions that refer to the confidential terms of the Contract. Further, MDA commits that, after effecting service on Defendant, we will confer with Defendant's counsel in an effort to further narrow the redactions to those that both parties believe are absolutely necessary to protect themselves from competitive harm.

    For the foregoing reasons, MDA respectfully asks the Court to endorse this letter, and to permit MDA to file an unredacted version of the Complaint (and its exhibits) under seal and to allow MDA to file publicly the redacted version of that Complaint.

    We appreciate your attention to this matter.

Respectfully submitted,

*Allison L. Waks*
Allison L. Waks

cc:    Theodore M. Grossman, Esq.
       Michael A. Platt, Esq.

Enclosures